UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____

K. PAUL HAINSWORTH,

                      Plaintiff,

    vs.

NATIONAL RAILROAD PASSENGER
CORPORATION,

                      Defendant.

Civil Action No.: 3:02CV0715 (EBB)

March 17, 2004

_____

### DEFENDANT AMTRAK'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

#### I. Preliminary Statement

This memorandum of law is respectfully submitted on behalf of defendant National Railroad Passenger Corporation ("Amtrak") in support of its motion for a protective order pursuant to Fed. R. Civ. P. 26(c).

#### II. Concise Statement of Facts

This is an action for personal injuries allegedly sustained by plaintiff while a passenger on board a Shoreline East commuter train operated by Amtrak on January 17, 2001. This case has been assigned for jury selection on May 11, 2004. On January 9, 2004, plaintiff issued a Notice of Deposition Duces Tecum to defendant's medical expert, Dr. James Donaldson.[1] As part of his Notice, plaintiff requested twenty-four categories of

---

[1] A copy of Plaintiff's Notice of Deposition Duces Tecum is annexed to the Affidavit of Brian M. Molinari as Exhibit "A".

documents from Dr. Donaldson. Defendant now moves the Court for a protective order concerning the twenty-fourth item of documents requested by plaintiff.

As will be more fully set forth below, the plaintiff's requested discovery is irrelevant to the instant action, outside the scope of discovery, unduly burdensome and intended to annoy or harass.

### III. Argument

At issue is plaintiff's request for testimony and documents from Dr. Donaldson concerning the following:

**24. Copies of time records and bills for work performed by Dr. Donaldson in his review of any cases in which he has been retained as an independent examiner for the last four years, and any and all information concerning compensation paid for his review of those matters.**

(See Plaintiff's Notice of Deposition Duces Tecum, Exhibit A, annexed to the Affidavit of Brian M. Molinari as Exhibit "A").

Plaintiff's desired deposition and document request as to Item 24 in his Notice of Deposition Duces Tecum grossly exceeds the scope of permissible discovery, is not reasonably calculated to lead to discovery of admissible evidence, is overly broad, unduly burdensome and could only be considered an effort to annoy or harass Dr. Donaldson. Defendant respectfully submits that this Court should issue a protective order prohibiting the discovery, testimonial or documentary, from Dr. Donaldson concerning Item 24.

Pursuant to Federal Rule of Civil Procedure Rule 26(c), this Court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including that certain matters not be inquired into,

or that the scope of the disclosure or discovery be limited to certain matters. See also Security Insurance Company of Hartford v. Trustmark Insurance Company, 2003 WL 22350777 *3 (D.Conn. April 17, 2003)(Dorsey, District Judge) (barring discovery that is overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit").

In this case, Dr. Donaldson, on behalf of the defendant, conducted a physical/neurological examination of the plaintiff on September 8, 2003 and generated a seven-page written report concerning his findings, opinions and conclusions.[2]  On November 4, 2003, defendant served an Expert Witness Disclosure and provided plaintiff with copies of Dr. Donaldson's written report, *curriculum vitae*, and trial matters in which Dr. Donaldson participated.[3]

Plaintiff seeks deposition testimony and documents from Dr. Donaldson concerning compensation for his consultation on *all other matters* in the last four years.  While defendant does not dispute that plaintiff is entitled to discover Dr. Donaldson's deposition and trial experience for matters in the last four years; see Fed. R. Civ. P. 26 (a)(2)(B); discovery into Dr. Donaldson's compensation for consultation regarding *other* matters over the span of four years is well beyond the scope of discovery contemplated by Rule 26 and is simply irrelevant to the instant case.  There can be no other rational explanation of plaintiff's motives except that this requested discovery is meant to be unduly burdensome, and annoyance or harassment of Dr. Donaldson.

---

[2] A complete copy of Dr. Donaldson's seven-page written report is annexed to the Affidavit of Brian M. Molinari as Exhibit "B".

[3] A copy of Defendant's Expert Witness Disclosure with exhibits is annexed hereto as Exhibit "C".

## IV. Conclusion

Wherefore, defendant Amtrak seeks an Order of Protection prohibiting the discovery, testimonial, documentary or otherwise, from Dr. Donaldson concerning Item 24 in plaintiff's Notice of Deposition Duces Tecum.

                                        Respectfully submitted,
                                        FOR THE DEFENDANT,

By:    _____
           Brian M. Molinari (ct 21294)
           LANDMAN CORSI BALLAINE & FORD, P.C.
           Offices of Amtrak
           50 Union Avenue, 4th Floor West
           New Haven, CT 06519

           120 Broadway, 27th Floor
           New York, New York 10271-0079
           (212) 238-4800

## CERTIFICATION

I hereby certify that a copy of the foregoing was served by first class mail on March __, 2004 to the following counsel of record:

Jennifer Booker, Esq.
THE REARDON LAW FIRM, P.C.
160 Hempstead Street
P.O. Drawer 1430
New London, CT 06320

                                        _____
                                        Brian M. Molinari