UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| K. PAUL HAINSWORTH | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. |
| | : | 302 CV 715 (EBB) |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK), | : | |
| Defendant. | : | MARCH 29, 2004 |

## **PLAINTIFF'S OBJECTION TO MOTION FOR PROTECTIVE ORDER**

The plaintiff in the above entitled matter respectfully objects to the Defendant's March 17, 2004 dated Motion for Protective Order. On January 9, 2004, the plaintiffs served a Notice of Deposition Duces Tecum on Dr. James O. Donaldson. In pertinent part, the plaintiff requested that Dr. Donaldson produce certain documents and information at such time when he appeared for the conduct of his deposition. (See Exhibit A, Notice of Deposition Duces Tecum). The defendant objected asserting that the production requests were irrelevant, outside the scope of discovery, unduly burdensome and intended to annoy or harass. (Def's Memo in

Support of Mot. For Prot. Order, March 17, 2004 at 2.)  The plaintiff maintains, however, that the requested documents and information are properly discoverable.

As additional support for their production request, the plaintiff directs this Court to H. Lewis Packaging, LLC v. Spectrum Plastics, Inc., 2003 WL 22305148 *1 (D.Conn. August 10, 2003)(Dorsey, District Judge).  "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Id. (quoting Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 963 F.2d 106, 114 (2d Cir. 1992)).

In the case at bar, the plaintiff submits an issue regarding Dr. Donaldson's credibility as a witness exists, as well as the methods he employs in performing independent examinations.  Therefore, the plaintiff has requested, in relevant part and within the bounds of Lewis Packaging, that Dr. Donaldson produce copies of time records and bills for work performed in any cases in which he has been retained as an independent examiner for the last four years.  Certainly, the request for these items is reasonable, relevant, and germane to the issues raised in this case.

Furthermore, the defendant, other than making general allegations of harm, has failed to specify what the actual harm to Dr. Donaldson would suffer should the items requested be produced.  "[T]he burden is upon the party seeking nondisclosure

or a protective order to show good cause." Id. (quoting Penthouse Int'l v. Playboy Enters., 663 F.2d 371, 391 (2d Cir. 1981); In re Agent Orange, 821 F.2d 139, 145 (2d Cir. 1987)). The court in Lewis Packaging, went on to state:

> Rule 26(c) places the burden of persuasion on the party seeking the protective order. To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the . . . test.

Id. at *3 (citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

In Lewis Packaging, the plaintiff sought to prevent discovery involving "confidential commercial information." H. Lewis Packaging, LLC v. Spectrum Plastics, Inc., 2003 WL 22305148 *3 (D.Conn. August 10, 2003)(Dorsey, District Judge). The court denied the motion and stated that the reference did not adequately define the scope of the order requested. Id. The court deemed the terms subjective. Id. Also, the court, in denying the protective order, pointed out that the plaintiff had failed to indicate "why disclosure of specific information would violate the broad rules of permissible discovery." Id.

3

Similarly, in the case at bar, the defendant has failed to articulate the specific harm suffered by Dr. Donaldson in producing such information. The defendant has only stated that the request is overly broad and intended to harass. (See Def. Memo. of Law at p.2) Therefore, the defendant has failed to meet the standards required by Rule 26(c) and Lewis Packaging, and its Motion for Protective Order should therefore be denied.

As additional support for their production request, the Plaintiffs direct this Court to Vargas v. Yale-New Haven Hospital, Inc., Judicial District of New Haven, Docket No. CV950369478S (April 28, 2000, *Owens, J.*). The Vargas court confronted issues, which are similar to those presently before this Court and, therefore, the Plaintiffs find this decision instructive.

The plaintiffs in Vargas had requested that the defendant produce a list "tabulating all cases in which [the] expert witness testified in depositions or at trial in the past four years, including transcripts, memoranda of parties, counsel, defendant's insurance company and other related data." Id. at *2. In addition, the plaintiffs also requested that they be provided with "a copy of all lists filed in the United States District Court detailing [the expert's] experience as an expert", as well as a list of publications and copies of all materials provided to the expert by the defendant. Id.

4

In response to these production requests, the defendant sought a protective order, which was denied insofar as it related to the production request as the "information sought was clearly relevant to the preparation of the plaintiffs' case and is matter that is necessary for cross-examination purposes." Id.

The Vargas court recognized that, "[i]n recent years, Connecticut has developed a liberal discovery doctrine." Id. at *3 (citing Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134, 140 (1985)). To that end, any information or documents that are not protected by any privileges are discoverable so long as the information sought is reasonably calculated to lead to the discovery of admissible evidence. Id. at *2. Thus, information that was previously disclosed to the expert by the defendant is now discoverable as any applicable privileges were destroyed by such disclosure. Vargas, at *3.

Furthermore, the Vargas court also noted that under the Federal Rules of Civil Procedure, experts have been explicitly required to provide the opposing party with a "'listing of any other cases in which the witness has testified as an expert witness at trial or by deposition within the preceding four years.'" Id. (quoting Fed. R. Civ. P. 26(a) (2) (B)). Therefore, the court determined that this request was not unreasonable and ordered that the defendant comply with the production request.

In keeping with the "spirit" of the rules of Connecticut courts, the <u>Vargas</u> court also held that the plaintiffs should be provided with the material requested pursuant to their production request **in advance of the deposition** to avoid great delay, increased attorneys fees and to further encourage settlement.  <u>Id.</u>

In the case at bar, the defendant has failed to articulate with specificity the harm potentially suffered by Dr. Donaldson in meeting this production request. Therefore, in accordance with Rule 26(c) and the standard for broad discovery outlined in <u>Lewis Packaging</u>, the defendant's Motion for Protective Order should be denied.

      WHEREFORE, the plaintiff respectfully objects to the defendant's Motion for Protective Order.

                                        THE PLAINTIFF

By_____
    Jennifer L. Booker   (ct 23657)
    The Reardon Law Firm, P.C.
    160 Hempstead Street
    New London, CT 06320
    (860) 442-0444
    Fax: (860) 444-6445
    His Attorneys

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing has been mailed on March 29, 2004 to the following counsel of record:

Brian Molinari
Landman Corsi Ballaine & Ford, P.C.
National Railroad Corporation
120 Broadway, 27th Floor
New York, NY 10271
(212)238-4800

_____
Jennifer L. Booker