UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
K. PAUL HAINSWORTH,

        Plaintiff,                                Civil Action No.
                                                        3:02CV0715 (EBB)

    vs.

NATIONAL RAILROAD PASSENGER
CORPORATION,

        Defendant.                              April 9, 2004
-----------------------------------------------------------x

**DEFENDANT AMTRAK'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

**I. Preliminary Statement**

This reply memorandum of law is respectfully submitted on behalf of defendant National Railroad Passenger Corporation ("Amtrak") in support of its motion for a protective order pursuant to Fed. R. Civ. P. 26(c). Plaintiff's opposition to defendant's motion for protective order fails to prove that his requests are directly relevant to this action or would tend to lead to discovery of admissible evidence. Defendant's request for a protective order should be granted.

**II. Argument**

Because the liberality of pretrial discovery has the potential to impinge upon the privacy of a party, courts may issue protective orders which restrict permissible discovery if it would unduly annoy or burden the other party. PE Corporation Securities Litigation, 2003 WL 23329188 *6 (D. Conn. November 3, 2003)(citing, Seattle Times

Co. v. Rhinehart, 467 U.S. 20, 34, 104 S.Ct. 2199 (1984)).  In deciding whether or not to issue the order a court should compare the hardship to the party against whom discovery is sought with the probative value of the information to the other party. Id. (citing, Solarex Corp. v. Arco Solar, Inc., 121 F.R.D. 163, 169 (E.D.N.Y. 1988)).

Defendant's expert Dr. Donaldson conducted a physical/ neurological examination of the plaintiff on September 8, 2003.  He thereafter generated a seven-page written report concerning his findings, opinions and conclusions.[1]   On November 4, 2003, defendant served plaintiff with a complete Expert Witness Disclosure.  In this disclosure, defendant provided plaintiff with all of the following: copies of Dr. Donaldson's written report containing his expert opinions, Dr. Donaldson's *curriculum vitae*, as well as a list of all trial matters in which Dr. Donaldson participated.[2]

Plaintiff now seeks further discovery from Dr. Donaldson concerning his time records, bills and compensation for consultation on *all other matters* in the last four years.

While defendant does not dispute that plaintiff is entitled to discover Dr. Donaldson's deposition and trial experience for matters in the last four years; see Fed. R. Civ. P. 26 (a)(2)(B); plaintiff's discovery request is altogether different.  A balancing of the interests enunciated by the court in PE Corporation Securities Litigation, supra, favors non-disclosure of the discovery at issue.  The probative value of expert billing

---

[1] A complete copy of Dr. Donaldson's seven-page written report was previously annexed to defendant's motion for protective order dated March 17, 2004, as Exhibit "B".

[2] A copy of Defendant's Expert Witness Disclosure with exhibits was previously annexed to defendant's motion for protective order dated March 17, 2004 as Exhibit "C".

and compensation records from other *unrelated cases,* bearing no relevance on this case, does not outweigh the hardship to defendant and Dr. Donaldson in providing the these records.

Although courts have permitted discovery related to expert compensation See, In re Air Crash at Dubrovnik, 2001 WL 777433 (D.Conn.), here, plaintiff requests discovery into Dr. Donaldson's compensation for consultation regarding *other* matters over the span of four years. This is well beyond the scope of discovery contemplated by Rule 26 and is simply irrelevant to the instant case.

In his opposition, plaintiff repeatedly cites H Lewis Packaging, LLC v. Spectrum Plastics, Inc., 2003 WL 22305148 *1 (D.Conn. August 10, 2003) for the proposition that the scope of discovery is generally broad. There, the court denied plaintiff's request for protective order. Id at *3. Plaintiff requested the order to ensure its employees and officers would not be required to disclose any trade secrets or other confidential information during depositions. The court found that plaintiff's reference to trade secrets and confidentiality did not adequately define the scope of the order requested. Id. It could not issue a protective order absent any indication of what discovery would be precluded and why disclosure of specific information would violate the discovery rules. Id.

Here, defendant has specifically set forth its limited objection to plaintiff's discovery demands. In its January 9, 2004 Notice of Deposition, plaintiff requested twenty-four categories of documents and testimony. Defendant seeks a protective order only as to Dr. Donaldson's time records, billing and compensation records from *all other cases* he has handled.

Defendant bases its objection on relevance, the most fundamental of discovery rules. Plaintiff's discovery request is in no way related to a claim or defense of any party. See, Fed. R. Civ. P. 26(b). Dr. Donaldson's time and billing documents, as well as his compensation in other cases is wholly irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. See, Daval Steel Prods. v. M/V Fakredline, 951 F.2d 1357, 1367 (2d Cir. 1991).

Plaintiff mistakenly cites Vargas v. Yale-New Haven Hosptial, Inc., 47 Conn.Supp.1 768 A.2d 967 (Conn. Super. Ct) as "additional support" for his discovery request. In Vargas, defendant was ordered to provide a list of cases in which the expert testified during the last four years and to provide materials on which the expert based his opinion. There is no dispute here that Amtrak and Dr. Donaldson have agreed to produce, or have already produced said discovery.

In sum, plaintiff failed to demonstrate that Item No.24 of his Notice of Deposition Duces Tecum is relevant to this case and likely to lead to discovery of admissible evidence. Plaintiff's requested discovery demands grossly exceeds the scope of permissible discovery under the federal rules and, therefore, can only be construed as an attempt to annoy or harass Dr. Donaldson. Defendant's motion for protective order should be granted.

## IV. Conclusion

Wherefore, defendant Amtrak seeks an Order of Protection prohibiting the discovery, testimonial, documentary or otherwise, from Dr. Donaldson concerning Item 24 in plaintiff's Notice of Deposition Duces Tecum.

Respectfully submitted,
FOR THE DEFENDANT,

By: _____
Brian M. Molinari (ct 21294)
LANDMAN CORSI BALLAINE & FORD, P.C.
Offices of Amtrak
50 Union Avenue, 4th Floor West
New Haven, CT 06519

120 Broadway, 27th Floor
New York, New York  10271-0079
(212) 238-4800

## CERTIFICATION

I hereby certify that a copy of the foregoing Reply Memorandum was served by first class mail on April __, 2004 to the following counsel of record:

Jennifer Booker, Esq.
THE REARDON LAW FIRM, P.C.
160 Hempstead Street
P.O. Drawer 1430
New London, CT 06320

_____
Brian M. Molinari

_____
_____

_____

Case 3:02-cv-00715-EBB     Document 50     Filed 04/12/2004     Page 6 of 6