UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
APR 6  I 06 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

K. PAUL HAINSWORTH,
            Plaintiff    :
                         :
    v.                   :    3:02-CV-715 (EBB)
                         :
NATIONAL RAILROAD PASSENGER :
CORPORATION (AMTRAK),    :
            DEFENDANT    :

### AMENDED RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

On March 26, 2004, this Court granted the Defendant's Motion for Protective Order, absent objection. However, Plaintiff's Objection was filed, in a timely manner, on March 30, 2004.

Defendant's Expert Disclosure pursuant to Fed.R.Civ.P 26(a)(2) was served on Plaintiff on November 4, 2003. The disclosure is thirty-five pages in length. It is beyond peradventure that the Disclosure more than amply complies with the requirements of Rule 26(a)(2).

On January 9, 2004, Plaintiff served a Notice of Deposition Duces Tecum on Defendant's expert. The document production demand was extraordinarily voluminous, covering 24 areas of inquiry.

Production demand number 24 provides as follows:

> 24.  Copies of time records and bills for work performed by Dr. Donaldson in review of any cases in which he he has been retained as an independent examiner for the last four years, and any and all information concerning compensation paid for review of those matters.

The Federal Rules of Civil Procedure paint with a broad brush. However, each discovery request has reasonable and logical restrictions. Rule 26(5)(b), entitled "Discovery Scope and Limits" provides, in pertinent part that " [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Rule 26(5)(c), entitled "Protective Orders", states, in pertinent part, that "the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (1) that the disclosure or discovery not be had."

These provisions, taken in conjunction, lead this Court to the absolute conclusion that Demand 24 could not possibly lead to admissible evidence at the trial of this matter; accordingly, it is now ORDERED that the disclosure demanded exceeds the bounds of any and all pertinent discovery within the meaning of Rule 26 and the Demand need not be complied with. Fed.R.Civ.P. 26(5)(c).

Defendant's Motion for Protective Order [Doc No. 46] is hereby GRANTED. This Amended Order supercedes any other ruling on this Motion. See Endorsement Ruling Document Number 48.

SO ORDERED

ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 6th day of April, 2004.