UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------X
K. PAUL HAINSWORTH,

                Plaintiff,                      Civil Action
                                                        No.: 3:02 CV 715 (EBB)

   - against -

NATIONAL RAILROAD PASSENGER CORP.

                Defendant.                    May 5, 2004
-------------------------------------------------------------X

**DEFENDANT'S MOTIONS IN LIMINE
CONCERNING PLAINTIFF'S PROPOSED TRIAL EXHIBITS AND TESTIMONY,
NECESSITY FOR FUTURE SURGERY OR COUNSELING, AND
<u>REFERENCE TO DAMAGES TO THE JURY</u>**

<u>**PRELIMINARY STATEMENT**</u>

        Defendant objects to the admissibility of the following exhibits listed by the Plaintiff in the Joint Trial Memorandum: (i) medical records, reports and films; (ii) diagrams and photos; (iii) anatomical models; (iv) stipulation to life expectancy; (v) plaintiff's tax returns; (vi) deposition transcripts; and (vii) defendant's responses to requests for interrogatories and production.

        Defendant also moves *in limine* to preclude any evidence that plaintiff may require future surgery or psychological counseling. Plaintiff alleges that he suffered "multiple soft tissue injuries," cervical/lumbar strain, degenerative and bulging discs, numbness and post-traumatic fears. (See Plaintiff's August 2, 2002 Response to Interrogatories annexed hereto as Exhibit "A"). Defendant disputes the nature, cause, severity and permanency of plaintiff's claimed injuries and plaintiff's claim that he is permanently disabled. Defendant also disputes the extent to which

plaintiff's life has and will be affected by any injuries that were related to this accident.

Defendant submits this memorandum to address several evidentiary issues concerning plaintiff's witnesses, and their potential testimony, and exhibits which plaintiff may rely upon and which they wish to have the court consider prior to the commencement of trial.

## ARGUMENT

### POINT I

### PLAINTIFF'S MEDICAL RECORDS, REPORTS AND FILMS ARE HEARSAY AND INADMISSIBLE

It is well-settled that plaintiff cannot simply admit his own alleged medical records, reports and diagnostic films without demonstrating how these materials fall within an exception to the hearsay exclusion. See Fed. R. Evid. 802.

Plaintiff has failed to articulate an exception to the hearsay rule and, accordingly, all exhibits concerning plaintiff's medical records, reports or diagnostic films should be precluded.

### POINT II

### PLAINTIFF'S TREATING PHYSICIANS' TESTIMONY MUST BE LIMITED TO NON-CUMULATIVE INFORMATION CONTAINED IN THEIR RECORDS AND SHOULD NOT BE BASED ON ANY INFORMATION PROVIDED TO THEM FOR THE PURPOSE OF LITIGATION

Plaintiff's Witness List advises that he plans to offer the testimony of his treating medical doctors, Dr. Paul Krochmal, M.D., of Yale New Haven Hospital; Dr. Michael Halperin, Norwich Orthopedic Group; Dr. Christopher Macadam, D.C., Connaughty Chiropractic Center; Stephen B. Gross, M.D., Ninigret Orthopedics; Daniel C. Diffin, M.D., Westerly Hospital Radiology; Dr. Gerard Lawrence, M.D. Concentra Medical Examinations; and David Johnson,

Ph.D., of the Post Traumatic Stress Center. Plaintiff has not, however, produced a proper Rule 26 (a)(2)(B) disclosure pertaining to any of these medical witnesses.[1]

While F.R.C.P. Rule 26 does not strictly preclude treating physicians from testifying to opinions formed in the course of their treatment, they are subject to Rule 26 with respect to opinions unrelated to their treatment. Palmieri v. Celebrity Cruise Lines, Inc., 2000 WL 310341, *4 (S.D.N.Y.). The testimony of plaintiff's treating physicians must consequently be limited to information they developed through their care and treatment of plaintiff and should not be based on any information provided to them for the purpose of litigation.

Plaintiff did not provide any of the required disclosure pursuant to Rule 26(a)(2)(B), including a report concerning the opinions to be expressed by the treating physicians, the data and information considered by the witnesses in forming their opinion, the qualifications of the witnesses, and a listing of cases in which the witnesses have testified within the preceding four years.

Consequently, if any testimony of plaintiff's treating physicians is allowed, it should be limited to the non-cumulative information contained in their records.

---

[1] The defective Rule 26 Disclosures is addressed more completely in defendant's separate and concurrently-filed Motion in Limine, where defendant has moved *inter alia* to exclude the same doctors' testimony as an expert for failure to provide a proper Rule 26(a)(2)(B) Disclosure.

# POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY TESTIMONY CONCERNING THE POSSIBILITY OF THE NEED FOR FUTURE COUNSELING OR SURGERY, AS SUCH TESTIMONY IS IS UNSUPPORTED BY PLAINTIFF'S MEDICAL/ PSYCHOLOGICAL TREATMENT AND IS PURE SPECULATION

The United States Supreme Court has held that, under F.R.E. § 702, a trial court is assigned the task of ensuring that an expert's testimony consists of more than just subjective belief or unsupported speculation. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590 113 S.Ct. 2786, 125 L.E.2d 469 (1993). Further, if an expert is permitted to testify on an issue of fact, they must provide some explanation for their conclusions, rather than referring generally to their experience. Linko v. Fujitsu, Ltd., 2002 WL 1585551 (S.D.N.Y. 2002).

In Yarrow v. U.S., 309 F.Supp. 922, 931 (D.C.N.Y. 1970), District Judge Levet stated:

> The future consequence of an injury, in a personal injury action, cannot be left to the speculation and conjecture of the trier of the facts, and it has been stated that medical testimony to support a claim for permanent injuries is necessary. Testimony of physicians may be the only means of arriving at a conclusion on the length of time an existing injury will continue. In general, however, the necessity of expert testimony, to warrant submission of an issue as to permanency of an injury, depends upon whether the injury is one of an objective nature, such as the loss of an arm, leg, or other member, from which the jury may draw their conclusions as to future pain and suffering, or whether the injury is subjective and of such nature that laymen cannot with reasonable certainty know whether permanent injury will follow.

The Court further stated, "as to future pain and suffering, '* * * damages may be recovered only for such pain and suffering as it is reasonably certain will ensue-- when it is reasonably certain from the evidence that such damages will necessarily result from the original injury." Id. at *932.

It also is well settled that medical testimony concerning future damages will only satisfy the

"reasonable certainty" requirement if it is non-speculative and establishes that the future care/expenses are "more likely than not (a greater than 50% chance)" to occur. See, Wood v. Day, et al., 859 F.2d 1490, 1492, 273 U.S. App. D.C. 343 (1988)(citing, Wilson v. Johns-Manville, 684 F.2d 111, 119 221 U.S. App. D.C. 337 (1982)). See also, Shuff v. Consolidated Rail Corporation, 1994 WL5482323 (N.D. Ill.). (Testimony as to future medical expenses and future damages must be as to any such expenses which are reasonably likely to occur in the future.)

In Rooney v. Apfel, 160 F.Supp.2d 454, 466 (E.D.N.Y. 2001), the Court upheld an ALJ's decision not to admit evidence of a doctor's opinion that plaintiff would require a total knee replacement in the future and noted that the ALJ had stated, "there is no evidence that the claimant currently needs more surgical intervention [as] the treating doctor only speculates a future possibility."

Similarly, the Court in Calo v. Ocean Ships, Inc., 57 F.3d 159, 163 (2d Cir. 1995), vacated the jury's award, premised upon cost estimates for possible future back and knee surgeries. The Court noted that the evidence indicated that the surgery would be of uncertain value and requests for costs associated therewith were expressed in terms of speculation. Citing, Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993 (1938), the Court noted that "the Supreme Court disapproved of lump sum awards in anticipation of the continuing need of maintenance and cure for life or an indefinite period. The seaman's recovery must therefore be measured in each case by the reasonable cost of that maintenance and cure to which he is entitled at the time of trial, including, in the discretion of the court, such amounts as may be needful in the immediate future for the maintenance and cure of a kind and for a period which can be definitely ascertained."

In this case, it is anticipated that plaintiff may offer testimony from Dr. Gross or another

doctor identified in his Rule 26 Disclosure that if plaintiff's condition does not improve through pain management, he may require future surgery for his alleged cervical/lumbar condition. Similarly, it is anticipated that plaintiff will attempt to offer testimony that he may need future counseling in relation to his alleged post-traumatic stress disorder/ travel phobia. However, Plaintiff's Response to Interrogatories failed to allege either a need for future surgery or future counseling, and plaintiff has never supplemented his interrogatory responses. In addition, none of plaintiff's treating physicians has ever indicated the necessity or possibility of future surgery or counseling, and, to date, plaintiff has never been scheduled for surgery or counseling.

Further, at his deposition on July 3, 2003, plaintiff testified that no doctor has ever suggested the need for future surgery. (See excerpts from Plaintiff's deposition testimony of July 3, 2003 annexed hereto at Exhibit "B" at p. 83:2-4). Similarly, plaintiff's alleged psychological counseling was limited to four months post-accident, and plaintiff admits there has not been any further counseling since that time. (Exhibit "B" at p. 82:11-14). Plaintiff admits that his alleged travel phobia has never prevented him from boarding a train since the accident. (Exhibit "B" at p.84:8-11). Plaintiff's psychologist, Dr. Johnson, never indicated in his reports or his expert disclosure that plaintiff will need future counseling.

Given plaintiff's failure to allege a need for future counseling or surgery in his Interrogatories, the lack of medical evidence to support any such claim and the fact that plaintiff readily admits that no doctors have recommended surgery or counseling, any testimony concerning the possibility of future counseling or surgery is purely speculative and should be precluded.

## POINT IV

### THE COURT SHOULD NOT PERMIT PLAINTIFF
### TO ARGUE DAMAGE FIGURES TO THE JURY

The Second Circuit has made it clear that, "specifying target amounts for the jury to award is disfavored." Consorti v. Owens Corning Fiberglass, 72 F.2d 1003 (2d Cir. 1995), rev'd on other grounds, 116 S.Ct. 2576 (1996).

Thus, any reference to a specific sum for compensation of plaintiff's alleged pain and suffering by plaintiff would be unduly prejudicial to defendants and is not permitted.

## POINT V

### THE COURT SHOULD PRECLUDE ADMISSION OF: (I) DIAGRAMS AND PHOTOS; (II) ANATOMICAL MODELS; (III) STIPULATION TO LIFE EXPECTANCY; (IV) PLAINTIFF'S TAX RETURNS; (V) DEPOSITION TRANSCRIPTS; AND (VI) DEFENDANT'S RESPONSES TO REQUESTS FOR INTERROGATORIES AND PRODUCTION

The Plaintiff has generically listed diagrams and photos; anatomical models; stipulation to life expectancy; plaintiff's tax returns; deposition transcripts; and defendant's responses to requests for interrogatories and production as Trial Exhibits.

First, plaintiff's tax returns serve no purpose or relevancy as plaintiff has admitted that he is not making any claim for past or future wage loss as a result of the subject incident.

Second, plaintiff has not specified which "diagrams and photos," "anatomical models," "life expectancy stipulation," or which portions of deposition testimony or of defendant's discovery responses he wants to admit into evidence.[2]

---

[2] To date, plaintiff has not provided the undersigned with any of the "diagrams and photos," "anatomical models," or "life expectancy stipulation" that he proposes as evidence.

Additionally, plaintiff has not demonstrated the unavailability of any of the deponents pursuant to Fed. R. Evid. 804 for whom he wants to admit deposition testimony as evidence. Even assuming arguendo that the transcripts are admissible, plaintiff has not designated which pages and lines of each transcript he wants admitted, contrary to the requirements of this Court's Standing Order on rial Memoranda.

Finally, plaintiff's vague designation of "defendant's responses to plaintiff's request for interrogatories and production," as a Trial Exhibit is improper. Defendant's discovery responses themselves are responses crafted by defendant's counsel and serve no evidentiary value. Further, there has been voluminous discovery and supplemental discovery exchanged by defendant in this case; designation of the entire discovery as a Trial Exhibit is improper and prejudicial to defendant.

## CONCLUSION

The Court should preclude as trial exhibits the following: (i) medical records, reports and films; (ii) diagrams and photos; (iii) anatomical models; (iv) stipulation to life expectancy; (v) plaintiff's tax returns; (vi) deposition transcripts; and (vii) defendant's responses to requests for interrogatories and production.

Additionally, if any testimony of plaintiff's treating physicians is allowed, it should be limited to the non-cumulative information contained in their records. Additionally, any testimony concerning the possibility of future counseling or surgery is purely speculative and should be precluded.

The Court should also preclude any reference to a specific sum for compensation of plaintiff's alleged pain and suffering by plaintiff.

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

_____
Brian M. Molinari (ct 21294)
Attorneys for Defendant
Amtrak
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

## CERTIFICATION

I hereby certify that a copy of the above was delivered via overnight mail on May ___, 2004 to all counsel and pro se parties of record listed below:

To:   Robert I. Reardon, Jr.
      Jennifer L. Booker
      THE REARDON LAW FIRM, P.C.
      160 Hempstead Street
      New London, CT 06320

_____
Brian M. Molinari