UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
K. PAUL HAINSWORTH,

                Plaintiff,                Civil Action
                                                              No.: 3:02 CV 715 (EBB)

    - against -

NATIONAL RAILROAD PASSENGER CORP.

                Defendant.
------------------------------------------------------------X        May 5, 2004

**DEFENDANT'S MOTIONS IN LIMINE CONCERNING THE
INADMISSIBILITY OF EXPERT REPORTS, EVIDENCE OF
REMEDIAL MEASURES AND CRITICAL SELF-ANALYSES**

**PRELIMINARY STATEMENT**

        Defendant objects to the admissibility of the November 24, 2003 narrative report of Donald Bowden, and the February 4, 2002 narrative report of Dr. Stephen Gross.[1] The reports are hearsay and do not fall within the limited exception to the hearsay rule that permit admittance of some business records without any foundation in the record to support his assertion. Similarly, all of plaintiff's disclosed experts should be precluded from testifying for failure to comply with Fed. R. Civ. P. 26(b)(2)(B). Evidence of defendant's subsequent remedial measures and self-critical analyses should also be excluded from evidence.

---

[1] Copies of the Bowden Report and the Gross Report are annexed hereto as Exhibits A and B respectively.

# ARGUMENT

## POINT I

### THE EXPERT REPORTS OF DR. GROSS AND DONALD BOWDEN ARE NOT "BUSINESS RECORDS" AND SHOULD THEREFORE BE EXCLUDED BY THE HEARSAY RULE

Federal Rule of Evidence 803(6) provides that the following constitutes an exception to the hearsay exclusion:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed. R. Evid. 803(6).

"Memoranda that are casual, isolated, or unique do not qualify as business records" under Fed. R. Evid. 803(6). 5 <u>Weinstein's Federal Evidence</u> § 803.08[2] at p. 803-60 (2d Ed. 2003).

The narrative of Dr. Gross was addressed to, and written for plaintiff's counsel for the isolated purposes of providing assessments of the plaintiff's status as of that date. Similarly, Donald Bowden's November 24, 2003 Report providing expert engineering opinions was addressed to The Reardon Law Firm to assist it in prosecuting plaintiff's liability claim. (The reports are encompassed within plaintiff's listed trial exhibits which have been filed with the Court).

Accordingly, because plaintiff has not demonstrated the requisite criteria under Fed.

R. Evid. 803(6), the reports of Dr. Gross and Donald Bowden should be precluded.

## POINT II

### DONALD BOWDEN AND HIS EXPERT REPORT SHOULD BE PRECLUDED BECAUSE IT ATTEMPTS TO PROVIDE LEGAL CONCLUSIONS WHICH INFRINGES ON THE JURY'S PROVINCE

Under Rule 704, expert testimony which expresses a legal conclusion must be excluded. See Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992); Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 99-100 (1st Cir. 1997) (and cases cited therein); Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1538 (11th Cir. 1990); Shahid v. City of Detroit, 889 F.2d 1543, 1547-48 (6th Cir. 1989); Specht v. Jensen, 853 F.2d 805, 808 (10th Cir. 1988); Matthews v. Ashland Chemical, Inc., 770 F.2d 1303, 1310-11 (5th Cir. 1985); Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Marx & Co., Inc. v. Diner's Club, Inc., 550 F.2d 505, 510-12 (2d Cir. 1977). "The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury." Torres v. County of Oakland, 758 F.2d at 150. Thus, the expert is competing with the Court in the function of instructing the jury, a task which the expert is not permitted to perform. Hygh, 961 F.2d at 364; Specht, 853 F.2d at 808-809; Marx, 550 F.2d at 512.

Moreover, expert testimony which invades upon the jury's decision-making function should likewise be excluded. Hygh v. Jacobs, 961 F.2d 359, 364 (2d Cir. 1992) (testimony in civil rights action that police officer's conduct was not "justified under the circumstances" and not "warranted under the circumstances" was improperly admitted); see also; Specht v. Jensen, 853 F.2d 805, 808 (10th Cir. 1988), cert. denied, 488 U.S. 1008 (1989) (trial court incorrectly allowed expert to testify as to what constitutes an unlawful search for purposes of a civil rights action since

such a determination is within the jury's decision-making function); Strong v. E.I. DuPont de Nemours Co., Inc., 667 F.2d 682, 686 (8th Cir. 1981) (trial court properly excluded proposed expert testimony that product warnings were inadequate since such testimony would invade the province of the jury).

Donald Bowden's November 24, 2003 Report improperly attempts to define the parameters of the law with respect to track inspection. For instance, Mr. Bowden states: "there are numerous conditions that must be detected and handled that are not covered by the FRA [Federal Railroad Administration]. . . . Railroads must inspect and maintain their track structure and right of way to a much higher standard to insure safe operations. . . . It is a customary industry practice that, when a track inspector finds boulders or any foreign object on or near the track there is a duty to investigate the source."[2]

Mr. Bowden's attempt to define the law and characterize Amtrak's alleged conduct as a "deviation of the standard of care in the industry," violates Rule 704 and, accordingly, his report should be excluded. The issue of whether Amtrak's inspections are proper is an issue to be decided by the fact-finder, which is the jury. Mr. Bowden's attempt to instruct the jury as to the standard of care, and as to whether Amtrak's alleged conduct was a deviation from the standard of care is impermissible. Accordingly, his report and testimony should be precluded. See Hygh, 961 F.2d at 364.

---

[2] See Bowden Report at p. 2, Exhibit A.

# POINT III

## PLAINTIFF'S EXPERT WITNESSES SHOULD BE PRECLUDED FROM TESTIFYING FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26(a)(2)(B)

Plaintiff's "Expert Disclosure" dated December 3, 2003, in which eleven expert witnesses are identified, failed to comply with Fed. R. Civ. P 26(a)(2)(B).[3] Accordingly, their testimony should be precluded.[4]

"[T]he terms of Rule 26(a)(2)(B) do not contemplate piecemeal disclosure, but rather contemplate the production of a single document comprising all the required elements." Giladi v. Strauch, 94 CV 3976, 2001 WL 388052 at *7 (S.D.N.Y. Apr. 16, 2001). Rule 26(a)(2) requires, *inter alia*, a party to accompany its expert disclosure with "a written report prepared and signed by the witness;" additionally, the witness' "qualifications, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years" must be provided. Fed. R. Civ. P. 26(a)(2)(B). The duty to disclose information concerning expert testimony is intended to allow "opposing parties to have a reasonable opportunity [to] prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." In re Kreta Shipping, S.A., 181 F.R.D. 273, 275 (S.D.N.Y. 1998) (citing Rule 26(a)(2) advisory committee's note).

---

[3] A copy of Plaintiff's December 3, 2003 Rule 26 Disclosure is annexed hereto as Exhibit C.

[4] Only one of plaintiff's experts, Donald Bowden, provided a written report in compliance with Rule 26; however, for other reasons discussed above, Mr. Bowden and his report should also be precluded.

The "automatic sanction" for a violation of Rule 26(a) is preclusion. See Giladi, at *3 (precluding plaintiff's expert physicians for, *inter alia*, failing to fully recite prior testimony)(citing LaMarca v. United States, 31 F.Supp.2d 110, 122-23 (E.D.N.Y. 1998)). See also Fund Comm'n Serv., II, Inc. v. Westpac Banking Co., 93 Civ. 8298, 1996 WL 469660 at *3 (S.D.N.Y. Aug. 16, 1996); 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure, § 2031.1 at 441 (2d ed. 1994). "Thus, preclusion is appropriate unless there is 'substantial justification' for the failure or the failure to make disclosure is harmless." Giladi, 2001 WL 388052 at *3.

"Case law establishes that the list of cases in which the witness has testified should at a minimum include the name of the court or administrative agency where the testimony occurred, the *names of the parties*, the case number, and whether the testimony was given at a deposition or trial." Giladi v. Strauch, 49 Fed.R.Serv.3d 436, (citing Hilt v. SFC Inc., 170 F.R.D. 182, 185 (D. Kan. 1997); Majewski v. Southland Corp., 170 F.R.D. 25, 27 (D. Kan. 1996); Nguyen v. IBP, Inc., 162 F.R.D. 675, 682 (D. Kan. 1995))(emphasis added).

None of plaintiff's eleven expert disclosures complies with Rule 26(a)(2)(B). Mr. Bowden's trial and deposition history fails to identify the case numbers. Similarly, Mr. Robert Hayes' testimonial history fails to identify the name of the Court in which the case was venued, case number or year of testimony. With the exception of Mr. Bowden and Mr. Hayes, none of plaintiff's nine other experts discloses their testimonial histories; and only Mr. Bowden provided a written report (which is inadmissible for other reasons).

This failure to fully comply with Rule 26(a)(2)(B) hinders the ability of defendant to effectively cross-examine plaintiff's numerous experts as to their qualifications or the substance

and basis of their respective opinions.    As plaintiffs' counsel's failure to disclose their experts properly under Rule 26(a)(2)(B) is not harmless nor justified, all expert testimony on behalf of plaintiff should be precluded in full.

## POINT IV

## PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES AT TRIAL

In the instant case, plaintiff should be precluded from offering the following evidence as it falls squarely within the scope of Fed. R. Evid. 407: any reference to Amtrak's January 18-19, 2001 post-accident Field Investigation of Rockfall, MP 84.9, New England Division,[5] and any deposition or trial testimony about steps by Amtrak or its employees after the accident regarding rock wall stabilization after the accident. The above-referenced documentary and testimonial evidence, which plaintiff proposes to submit at the time of trial, is inadmissible pursuant to Fed. R. Evid. 407 because the items such as any alterations to the rock walls or analysis concerning corrective actions, were subsequent remedial measures. Further, such evidence is highly prejudicial to a jury as the measures undertaken by the defendant to prevent the likelihood of a similar occurrence and procedures employed by the defendant may in fact be confused and construed as proof of negligence by the defendant.

---

[5] A copy of the Field Investigation is annexed hereto as Exhibit D.

**Federal Rule of Evidence 407**

Fed. R. Evid. 407 provides that:

> "When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment."

In Cann v. Ford Motor Company, 658 F.2d 54, 60 (2d Cir. 1981), the Court stated that Fed. R. Evid. 407 "represents a common sense recognition that people are loath to take actions which increase the risk of losing a lawsuit...and is prompted by the fear that people will be less likely to take subsequent remedial measures if evidence of their repairs or improvements may be used against them." In In Re: Joint Eastern District and Southern District Asbestos Litigation, 995 F.2d 343, 345 (2d Cir. 1993), the Court found that the trial court erred in admitting evidence that defendant placed warnings on its product after plaintiff's exposure to it. The Court held that these warnings were subsequent remedial measures and inadmissible under Fed. R. Evid. 407. Id.

Fed R. Evid. 407 provides that evidence of subsequent remedial measures can be admissible when offered to prove ownership, control, or feasibility of precautionary measures. In Werner v. Upjohn Company, 628 F.2d 848, 857 (4th Cir. 1980), the Werner Court held that any exceptions to Fed. R. Evid. 407 should follow a strict rationale. For example, the Court held that if defendant denies ownership or control, contends that no such repair or improvement was possible, or makes statements that conflict with the fact of the repair, then plaintiff should be allowed to

introduce evidence of the subsequent remedial measure. Id.

In the instant matter, Amtrak has never denied ownership, control or infeasibility; rather, Amtrak contends that its inspections were consistent with federal guidelines and it had no actual or constructive notice of a dangerous condition reasonably likely to result in an occurrence similar to the subject incident. Therefore, pursuant to Fed. R. Evid. 407, reference to Amtrak's January 18-19, 2001 post-accident Field Investigation of Rockfall, MP 84.9, New England Division, and any deposition or trial testimony about steps by Amtrak or its employees after the accident regarding rock wall stabilization, should not be offered into evidence to establish negligence or culpable conduct as they strictly detail measures undertaken to avoid the reoccurrence of such an accident.

## POINT V

**EVIDENCE OF CRITICAL SELF ANALYSIS SHOULD BE PRECLUDED BECAUSE IT MAY UNFAIRLY PREJUDICE AND CONFUSE THE JURY**

Similar to the rules protecting subsequent remedial measures, the doctrine of critical self analysis is also rooted in strong public policy considerations and is designed to encourage confidential self-analysis and self-criticism. Granger v. Nat'l R.R. Passenger Corp., 116 F.R.D. 507, 508 (E.D.Pa. 1987). The Granger court found that the policies underlying the self critical analysis doctrine are based on the need to promote candid and forthright self-evaluation and protects information prepared for the purpose of protecting the public by instituting practices assuring safer operations. Id. at 509. In Granger, plaintiff, in an FELA action, sought to compel an Amtrak accident report which contained sections entitled "Accident Analysis" and "Committee Recommendations." Id. at 508. Amtrak contended that the report contained mental impressions,

opinions and recommendations of its employees, and was therefore privileged under the critical self analysis doctrine. Id. at 508. In denying plaintiff's motion to compel portions of the report entitled "Accident Analysis" and "Committee Recommendations," the Granger court declared that production of those sections of the report would hamper honest, candid self evaluation geared toward the prevention of future accidents. Id. at 510.

In the present case, the January 18-19, 2001 post-accident Field Investigation of Rockfall, MP 84.9(see, Exhibit "D") addresses precautionary measures which could be undertaken to avoid further accidents. Sections 5.0 et seq., 6.0 et seq., and 7.0 of the report, which are respectively entitled "Review of Findings," "Recommendations," and "Conclusions," also contain a sub-section labeled "Rockfall Mitigation Options," and recommendations for more detailed inspections. These mental impressions, opinions and recommendations of Amtrak's engineers are unequivocally Amtrak's critical self-analysis and should be excluded.

Even if plaintiff were to argue that defendant waived the critical self analysis privilege by disclosing a complete copy of the Field Investigation during the course of discovery, the underlying principles of the critical self analysis doctrine combined with Fed R. Evid. 403, should prevent such information from being introduced as evidence at trial against defendant to prove negligence. Fed. R. Evid. 403 provided that relevant evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice or confusion of issues. Even though defendant disclosed the entire report in discovery, the Field Investigation should be excluded at trial because its probative value is substantially outweighed by the prejudicial effect their admission would have on the jury. Plaintiff should not be permitted to use defendant's own critical self analysis to argue that defendant was negligent for failing to take procedural actions which may have

been prudent given the benefit of 20/20 hindsight.

Further, in this case there is no applicable exception to the general rule which would allow the admission of Amtrak's subsequent remedial measures. Amtrak is not contesting ownership or control of the area, nor is it contending that it was infeasible (i.e. difficult or costly) to have inspected the track area differently. Thus, the general rule prohibiting evidence of subsequent remedial measures should be followed and this documentary evidence, and all similar testimony, should be precluded.

## CONCLUSION

For the foregoing reasons: (1) plaintiff should be precluded from introducing into evidence the reports and/or affidavits of Dr. Gross and Donald Bowden; (2) plaintiff should be precluded from calling any of his disclosed experts at trial; (3) plaintiff should be precluded from introducing evidence of subsequent remedial measures; and (4) plaintiff should be precluded from introducing evidence of critical self-analysis..

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

_____

Brian M. Molinari (ct 21294)
Attorneys for Defendant
Amtrak
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

## **CERTIFICATION**

   I hereby certify that a copy of the above was delivered via overnight mail on May ___, 2004 to all counsel and pro se parties of record listed below:

  To: Robert I. Reardon, Jr.
     Jennifer L. Booker
     THE REARDON LAW FIRM, P.C.
     160 Hempstead Street
     New London, CT 06320

                   _____
                     Brian M. Molinari