```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
K. PAUL HAINSWORTH,

                    Plaintiff,                Civil Action
                                               No.: 3:02 CV 715 (EBB)
     - against -

NATIONAL RAILROAD PASSENGER CORP.

                    Defendant.                May 14, 2004
------------------------------------------------------------X
```

### DEFENDANT'S MOTION IN LIMINE
### CONCERNING EVIDENCE OF PAST OR FUTURE WAGE LOSS

#### PRELIMINARY STATEMENT

Defendant objects to the admissibility of any testimony, documents or other evidence of plaintiff's alleged past or future wages or diminution to his earning capacity as a result of the subject incident.

#### ARGUMENT

#### POINT I

**PLAINTIFF ADMITTED PURSUANT TO RULE 36 THAT HE DID NOT SUFFER ANY PAST OR FUTURE LOST WAGES OR DIMINUTION TO HIS EARNING CAPACITY**

On October 14, 2003, plaintiff admitted the following facts in response to Defendant's Rule 36 Request for Admissions:

> "1.    The plaintiff did not incur any lost wages, commissions, benefits, salary or other earnings as the result of the incident that is the subject of this lawsuit. (Admitted)"

>"2. The plaintiff's present and future earning capacity is not impaired or diminished as the result of the incident that is the subject of this lawsuit. (Admitted)"

(A copy of Plaintiff's October 14, 2003 Response is attached hereto as Exhibit "A").

The purpose of Rule 36 admissions is to efficiently establish facts for admission into evidence at trial. T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (noting sole purpose of Rule 36 admissions is to streamline presentation of evidence at trial). A matter that is deemed admitted does not require further proof, Weva Oil Corp. v. Belco Petroleum Corp., 68 F.R.D. 663, 667 (N.D. W. Va. 1975), and cannot be rebutted by contrary testimony or ignored by the court. McNeil v. At&T Universal Card, 192 F.R.D. 492, 494 n.4 (E.D. Pa. 2000) (holding that once a party makes an admission, it cannot be countered by other evidence).

Plaintiff's admissions that he did not suffer past or future wage loss or any diminution to his earning capacity are, therefore, conclusively established and not subject to modification or rebuttal by plaintiff at trial. Accordingly, the Court should preclude plaintiff from presenting any testimonial or documentary evidence regarding these facts.

## CONCLUSION

The Court should preclude the admissibility of any testimony, documents or other evidence of plaintiff's alleged past or future wages or diminution to his earning capacity as a result of the subject incident.

        Respectfully submitted,

        LANDMAN CORSI BALLAINE & FORD P.C.


        _____
        Brian M. Molinari (ct 21294)
        Attorneys for Defendant
        Amtrak
        120 Broadway, 27th Floor
        New York, New York 10271-0079
        (212) 238-4800


## CERTIFICATION

      I hereby certify that a copy of the above was delivered via facsimile on May 14, 2004 to all counsel and pro se parties of record listed below:

To:    Robert I. Reardon, Jr.
        Jennifer L. Booker
        THE REARDON LAW FIRM, P.C.
        160 Hempstead Street
        New London, CT 06320

        _____
        **Brian M. Molinari**